UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT ZIINO,

        Plaintiff,

-vs-                                          Case No.  5:07-cv-217-Oc-10GRJ

CAROLYN A. BAKER, as Personal
Representative of the Estate of William W.
Wellman, deceased, and as Trustee of the
William D. Wellman Revocable Trust, H.
JOHN FELDMAN, as Personal
Representative of the Estate of William W.
Wellman, deceased, and as Trustee of the
William D. Wellman Revocable Trust,

        Defendants.

_____

## **O R D E R**

This case is before the Court for consideration of the Defendant's Motion to Dismiss (Doc. 8), to which the Plaintiff has responded (Doc. 9).  The motion is ripe for review and is due to be granted in part and denied in part.

### **Background**

The Plaintiff and Laura Wellman, never married, had a child.  In 2001, in contemplation of the termination of the relationship between herself and the Plaintiff, Laura Wellman executed two promissory notes that indebted her to the Plaintiff in the total amount of $800,000.00.  Those promissory notes were executed to provide support for their child and, although not explicitly stated, were in contemplation of Laura Wellman's anticipated inheritance from her father.  In October 2002, Laura Wellman declared bankruptcy and attempted to have the debt she incurred through the promissory notes

discharged. However, in April 2007 the bankruptcy court found that the promissory notes were for child support and entered an order allowing the Plaintiff's claim of $800,000.00 against Laura Wellman.

In December 2006, Laura Wellman's father - William Wellman - died. Probate proceedings were initiated in Lake County, Florida, and Carolyn A. Baker and John Feldman were named as the personal representatives of the Estate of William W. Wellman (the "Personal Representatives"). Prior to his death, William Wellman was the settlor of a spendthrift trust, the William W. Wellman Revocable Trust (the "Trust"). Upon William Wellman's death, Carolyn A. Baker and John Feldman became the successor trustees (the "Trustees") of the Trust.

On May 29, 2007, the Plaintiff filed the Complaint (Doc. 1), in which he purported to state three Counts against the Personal Representatives and the Trustees. In Count I, the Plaintiff sought damages against both the Personal Representatives and the Trustees, based upon the allegation that William Wellman instigated Laura Wellman to file bankruptcy in an attempt to discharge the debt represented by the promissory notes, and otherwise "disrupted, and continued to disrupt, the contractual relationship between" the Plaintiff and Laura Wellman. Count II is not clearly stated. As discussed infra, the Plaintiff did not assert a separate claim for relief in Count II, but instead made additional allegations and a request for punitive damages in relation to the tort alleged in Count I. The Plaintiff also stated Count III in an oblique manner, but a careful reading of that Count reveals that the Plaintiff purported to state a claim for a writ of garnishment. To satisfy the debt incurred

by the promissory notes the Plaintiff is requesting that the Court garnish any distributions that Laura Wellman may receive from the Trust.

The Defendants now move to dismiss each Count for failure to state a claim upon which relief may be granted. In addition, the Defendants move to dismiss Count III for a lack of subject matter jurisdiction.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). As such, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [a claimant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (citations omitted). "Factual allegations must be enough to raise [the claimant's] right to

relief above the speculative label on the assumption that all of the complaint's allegations are true." Id. at 1965 (citations omitted).

## Discussion

### *i. The Trustees as Defendants*

The Trustees move to dismiss the Complaint as against themselves on the ground that Florida law prohibits a creditor from bringing a direct action against a trust or its trustees after the death of the settlor, if that action is dependent upon the individual liability of the settlor. Although, as will be discussed infra, there is a dispute as to which law governs the Plaintiff's claim in Count I, there is no dispute that the Trust is a Florida trust and is itself governed by the Florida Trust Code. The Florida Trust Code provides that:

> After the death of a settlor, no creditor of the settlor may bring, maintain, or continue any direct action against a trust described in s. 733.707(3), the trustee of the trust, or any beneficiary of the trust that is dependent on the individual liability of the settlor. Such claims and causes of action against the settlor shall be presented and enforced against the settlor's estate as provided in part VII of chapter 733, and the personal representative of the settlor's estate may obtain payment from the trustee of a trust described in s. 733.707(3) as provided in ss. 733.607(2), 733.707(3), and 736.05053.

Fla. Stat. § 736.1014(1). Accordingly, the Trustees are not proper parties to Count I because the settlor, William Wellman, is deceased and in Count I the Plaintiff purported to allege actions that are dependent upon the individual liability of the settlor. See Tobin v. Damian, 723 So. 2d 396 (Fla. 4th DCA 1999). Indeed, the Plaintiff tacitly conceded the validity of the Defendant's argument that the Trustees are not proper parties to Count I by failing to address this issue in response to the motion to dismiss.

4

### *ii. Sufficiency of Count I*

The Defendants move to dismiss Count I for failure to state a claim upon which relief may be granted. As an initial matter, the Court must consider a conflict of law issue raised by the parties. In Count I, the Plaintiff purported to state a claim for tortious interference with the promissory notes executed by Laura Wellman, a claim sounding in tort. The Defendants contend that Florida law governs that claim, while the Plaintiff contends that his claim is governed by California law. The import of this dispute lies in the exact nature of the cause of action for tortious interference available to the Plaintiff under each state's law and, accordingly, that cause of action's elements. The Defendants assert that Florida law governs Count I, and that under Florida law the Plaintiff must allege the existence of a <u>business</u> relationship, which the Defendants assert that the Plaintiff cannot do. By contrast, the Plaintiff asserts that California law governs, and that a claim for tortious interference under California law requires only the existence of a <u>contractual</u> relationship.

"The law is well settled that federal courts sitting in diversity cases must apply the forum state's conflict of law rules in order to resolve substantive legal issues." <u>Johnson v. Occidental Fire & Cas. Co.</u>, 954 F.2d 1581 (11th Cir. 1992). "Florida resolves conflict-of-laws questions according to the 'most significant relationship' test outlined in the Restatement (Second) of Conflict of Laws." <u>Grupo Televisa, S.A. v. Telemundo Comm.</u>, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing <u>Bishop v. Florida Specialty Paint Co.</u>, 389 So.2d 999, 1001 (Fla.1980)). The applicable section of the Restatement provides the basic

principle for tort actions and lists four "contacts" that courts should consider in the course of applying the choice of law analysis:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to a issue include:
>
>> (a) the place where the injury occurred,
>> (b) the place where the conduct causing the injury occurred,
>> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>> (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145. Because the section 145 factors point conclusively to California for choice of law purposes, the Court need not delve into the section 6 considerations. Indeed, the parties did not address the section 6 factors.

Here, the contractual relationships with which William Wellman allegedly interfered - the promissory notes - were executed in California. Further, Laura Wellman filed in federal court in California the bankruptcy action that William Wellman allegedly instigated and funded, and that constituted the primary modus of the alleged interference. Thus, California is the primary place where the conduct causing the injury occurred. In addition, the Plaintiff has alleged that he felt the impact of the tortious interference, and was injured by that interference, in California, where he lived and from where he fought the discharge in bankruptcy of the promissory notes. Moreover, it is clear from the Plaintiff's allegations that any relationship he had with William Wellman was centered in California, and

surrounded the Plaintiff's relationship with William Wellman's daughter and grandson in that State.  On the other hand, the Defendants have asserted that William Wellman, an elderly Florida resident, lived in Florida during the period encompassing the alleged interference and, as such, must have engaged in the alleged interference from Florida.  Further, all of the Defendants are Florida residents, the probate proceedings were filed in Florida, and the situs of the assets of the probate estate is Florida.[1]  However, none of those considerations are sufficient to convince the Court that Florida has the most significant relationship to this action.  The Plaintiff has made allegations that he suffered injury in California, that the conduct that allegedly caused that injury occurred in California, and that his relationship with William Wellman was centered in California.  Accordingly, California law will govern Count I.

Because the Court finds that California law governs, the Defendants' assertion that Count I fails under Florida law because it does not allege a business relationship does not provide a ground upon which to dismiss that Count.  However, even if Florida law governed Count I, the Court does not agree with the Defendants' assertion that the Florida tort requires the existence of a "business" relationship as opposed to a "personal" relationship such that the promissory notes at issue here that were executed in furtherance of a "personal" debt - i.e. the support of a child - do not form a basis for a claim of tortious interference under Florida law.  The Defendants provide no case in which a Florida court

---

[1] The Defendants arguments concerning the Trust do not impact this analysis because the Court has already determined that Count I is due to be dismissed as to the Trustees.

has dismissed a claim for tortious interference with contract on this basis, nor a case in which a Florida court made a demarcation between "personal" and "business" contracts.[2] "In Florida, a claim for tortious interference with a contract <u>or</u> business relationship requires: 1) a contract <u>or</u> business relationship that affords plaintiff legal rights; 2) defendant's knowledge of the contract or business relationship; 3) defendant's intentional, unjustified procurement of a breach of the contract or interference with the relationship; and 4) damages to plaintiff resulting from the breach." Davies v. Afilias Ltd., 293 F. Supp. 2d 1265, 1269 (M.D. Fla. 2003) (emphasis added). Indeed, in Florida the torts of tortious interference with contract and tortious interference with a business relationship are two separate - although very similar - causes of action; only the latter requiring the existence of a "business" relationship.

In the event that the Court found - as it did - that the claim in Count I is governed by California law, the Defendants also assert in their motion to dismiss that the Plaintiff did not state a claim for tortious interference under California law because the Plaintiff failed to allege that the Defendants engaged in wrongful, immoral, or illegal acts in addition to the interference itself, a purported requirement of California law. The Court need not delve further into this argument, other than to note that the Court finds that the Plaintiff has made sufficient allegations to state a claim for relief under California law pursuant to the pleading

---

[2] The Defendants stated in their motion that: "Defendants find no Florida case holding a party liable for interfering with contracts of a personal, non-business nature." Even assuming no Florida court has ever held a party liable for interfering with contracts of a non-business nature, an absence of case law does not dictate that such liability falls outside the purview of the tort.

standards of Federal Rule of Civil Procedure 8(a).  This is especially so because, as explained infra, the Court is construing the allegations in Count II of malicious conduct as part of the Plaintiff's claim for tortious interference stated in Count I.  Similarly, as to the Defendants' argument that dismissal is appropriate because a privilege to interfere existed - in that the interference alleged here was not illegal, wrongful, or immoral - the Court finds that in light of the Plaintiff's allegations the assertion of the defense of privilege does not merit dismissal pursuant to Rule 12(b)(6).

### *iii. Sufficiency of Count II*

The Defendants also move to dismiss Count II for failure to state claim upon which relief may be granted.  The Defendants' argument is brief and simply states that Count II does not state any cognizable claim for which relief may be granted.  The Court agrees.  However, a careful review of Count II reveals that Count II is merely a request for punitive damages for the tort alleged in Count I.  The Plaintiff makes allegations that William Wellman "intentionally and maliciously" harmed the Plaintiff and, therefore, he "demands judgment for punitive damages" against the Defendants.  The Plaintiff specified in his Response that he is seeking punitive damages pursuant to California Civil Code § 3294(a).  Thus, the Court will construe Count II not as a separate claims for relief, but merely as an extension of the allegations in Count I and a request for punitive damages.

### *iv. Sufficiency of Count III*

The Defendants move to dismiss Count III pursuant to Rule 12(b)(6) on the ground that "it is too vague and ambiguous and fails to allege ANY cause of action upon which

relief may be granted." Motion to Dismiss at 19. Although Count III is obliquely drafted, in that Count the Plaintiff seeks a writ of garnishment under Florida law. In other words, the Plaintiff is seeking to garnish any disbursement from the Trust to Laura Wellman in order to satisfy her child support obligations evidenced by the promissory notes. Moreover, the Plaintiff has alleged in Count III that traditional remedies are not available to recover the child support owed, in that Laura Wellman does not have sufficient assets to satisfy the promissory notes. When "traditional remedies are not effective," Florida law permits a court to garnish disbursements from a spendthrift trust to effect the collection of alimony and child support. See Bacardi v. White, 463 So. 2d 218, 222 (Fla. 1985). Here, the Plaintiff has made factual allegations sufficient to give the Defendant fair notice of what the claim is and the grounds upon which it rests. It should be noted that in their motion to dismiss the Defendants did not recognize Count III as a request for a writ of garnishment, and instead simply challenged the Count for a failure to identify a cause of action. The requested relief being sufficiently clear to the Court, Count III is not due to be dismissed pursuant to Rule 12(b)(6).

### *v. Subject Matter Jurisdiction as to Count III*

The Defendants move to dismiss Count III for a lack of subject matter jurisdiction. In the Complaint, the Plaintiff asserted that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. In a supplement to the Complaint filed June 19, 2007, the Plaintiff asserted that the Court not only has diversity jurisdiction, but also has jurisdiction because this action "is related to a case under Title 11, United States Code, as more fully appears

in Count III hereof." The Defendants seek to dismiss Count III for a lack of subject matter jurisdiction solely on the basis of a lack of a federal question. However, the Defendant does not challenge the existence of diversity jurisdiction. Accordingly, even if the Court were to agree as to the lack of a federal question, subject matter jurisdiction still exists, and dismissal would not be appropriate.

## Conclusion

Accordingly, upon due consideration, it is ordered that:

(1) the Defendant's Motion to Dismiss (Doc. 8) is GRANTED as follows and DENIED in all other respects;

(2) Count I is DISMISSED as against Carolyn A. Baker and John Feldman in their capacity as trustees of the William W. Wellman Revocable Trust; and

(3) Count II is DISMISSED to the extent that it purports to state a separate claim for relief, but the allegations in Count II and the request for punitive damages in Count II are incorporated into the claim for relief in Count I.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record